UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF THE SEIZURE OF )<br>$34,242.00 IN UNITED STATES )<br>CURRENCY; )<br>$10,580.00 IN UNITED STATES )<br>CURRENCY; )<br>ASSORTED JEWELRY (1); )<br>ASSORTED JEWELRY (2); )<br>ROLEX GOLD WATCH 16018; AND )<br>ROLEX GOLD WATCH 16000, )<br>ALL SEIZED ON JANUARY 25, 2022 ) | M.B.D. No. 22-MC-91363-FDS |

**UNITED STATES' SECOND MOTION TO
EXTEND TIME TO FILE CIVIL FORFEITURE COMPLAINT AND/OR
OBTAIN INDICTMENT ALLEGING FORFEITURE FOR AN
ADDITIONAL 60 DAYS, TO AND INCLUDING NOVEMBER 22, 2022**

The United States of America, by and through its attorney, Rachael S. Rollins, United States Attorney for the District of Massachusetts, as authorized pursuant to 18 U.S.C. § 983(a)(3)(A), hereby moves to extend from September 23, 2022, to November 22, 2022, the time in which the United States is required to file a Verified Complaint for Forfeiture *in Rem* and/or obtain an Indictment alleging forfeiture regarding the following property to which a claim has been filed by Neysha Ruby Matos and Michael Matos (the "Claimants") in a nonjudicial civil forfeiture proceeding with the United States Drug Enforcement Administration ("DEA"):

a. $34,242.00 in United States Currency seized on January 25, 2022;

b. $10,580.00 in USC seized on January 25, 2022;

c. Assorted Jewelry (1) seized on January 25, 2022;

d. Assorted Jewelry (2) seized on January 25, 2022;

e. Rolex Gold Watch 16018 seized on January 25, 2022; and,

1

  f. Rolex Gold Watch 16000 seized on January 25, 2022

(collectively, the "Assets").

  A proposed Order to Extend Time to File Civil Forfeiture Complaint and/or Obtain Indictment Alleging Forfeiture is submitted herewith.   The United States, in support of this motion, states as follows:

  1. The DEA seized all Assets on January 25, 2022, pursuant to 21 U.S.C. § 881, at 80 Pond Circle, Somers, CT.

  2. The DEA sent notice of its intent to forfeit the Assets administratively, as required by 21 U.S.C. § 983(a)(1)(A).

  3. Neysha Ruby Matos and Michael Matos filed a joint claim to the Assets, which was received by DEA on a timely basis.

  4. No other person has filed a claim to the Assets as required by law in the nonjudicial civil forfeiture proceeding, and the time within which to file such claims has expired. *See* 18 U.S.C. § 983(a)(2)(A)-(E).

  5. The DEA transmitted the claims received in the nonjudicial civil forfeiture proceedings for the Assets to the United States Attorney for the District of Massachusetts, for the purpose of initiating a judicial forfeiture action against the Assets.

  6. 18 U.S.C. § 983(a)(3)(A)-(C) states:

> (A) Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.
>
> (B) If the Government does not -

      (i)    file a complaint for forfeiture or return the property, in accordance with subparagraph (A); or

      (ii)    before the time for filing a complaint has expired -

           (I)    obtain a criminal indictment containing an allegation that the property is subject to forfeiture; and

           (II)    take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute, the Government shall promptly release the property pursuant to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense.

(C)    In lieu of, or in addition to, filing a civil forfeiture complaint, the Government may include a forfeiture allegation in a criminal indictment. If criminal forfeiture is the only forfeiture proceeding commenced by the Government, the Government's right to continued possession of the property shall be governed by the applicable criminal forfeiture statute.

7.    Pursuant to 18 U.S.C. § 983(a)(3)(A)-(C), unless the time is extended by the Court for good cause or upon agreement of the parties, the United States is required to file a complaint for forfeiture against the Assets and/or to obtain an indictment alleging that the Assets are subject to forfeiture no later than July 25, 2022.

8.    On July 22, 2022, this Court entered an Order extending the time to file a complaint for forfeiture and/or obtain an indictment alleging forfeiture until September 23, 2022.

9.    If the United States fails to file a complaint for forfeiture and/or to obtain an indictment by the specified date, it is required to release the Assets and may not take any further action to effect the civil forfeiture of the Assets in connection with the underlying offense.

10.    The United States requests an extension of time to and including November 22, 2022, for the reasons stated in the submitted sealed affidavit. The government has conferred with

the Claimants' counsel, who opposes any further extension.

## CONCLUSION

The United States respectfully requests that the Court enter an Order extending the period in which the United States is required to file a complaint against the Assets and/or to obtain an indictment alleging that the Assets are subject to forfeiture up to and including November 22, 2022.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney,

By:   /s/ *Brendan T. Mockler*
BRENDAN T. MOCKLER
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

Dated: September 16, 2022          brendan.mockler@usdoj.gov