UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF THE SEIZURE OF )<br>$34,242.00 IN UNITED STATES )<br>CURRENCY; )<br>$10,580.00 IN UNITED STATES )<br>CURRENCY; )<br>ASSORTED JEWELRY (1); )<br>ASSORTED JEWELRY (2); )<br>ROLEX GOLD WATCH 16018; AND, )<br>ROLEX GOLD WATCH 16000, )<br>ALL SEIZED ON JANUARY 25, 2022 )<br>) | M.B.D. No. 22-MC-91363-FDS |

**UNITED STATES' OPPOSITION TO CLAIMANT'S
<u>MOTION FOR RECONSIDERATION</u>**

The United States of America, by its attorney, Rachael S. Rollins, United States Attorney for the District of Massachusetts, respectfully submits its opposition to the Motion for Reconsideration of the Order granting the United States' Second Motion to Extend Time to File Civil Forfeiture Complaint and/or Obtain Indictment Alleging Forfeiture (the "Motion for Reconsideration") filed by Claimants Neysha Ruby Matos and Michael Matos (the "Claimants") on October 7, 2022. Docket No. 10. The Claimant opposes the United States' Motion to Extend, arguing that the "'good cause' alleged by the United States appears to be that the Assistant United States Attorney ("AUSA") assigned to this matter was only 'recently assigned.'" The opposition, which was filed as a Motion for Reconsideration, should be denied for any one of the below, three reasons.

First, if deemed an opposition to the motion, the opposition itself is late filed. In the second Motion for Extension, filed on September 16, the United States informed the Court that it "has conferred with the Claimants' counsel, who opposes any further extension" *See* Docket No. 5. On September 21, the Court granted the motion. *See* Docket No. 9. But the claimants then

opposed the motion on October 7, more than two weeks after the Court granted the motion. *See* Docket No. 10. This opposition is late, as L.R. 7.1(b)(2) states that "[a] party opposing a motion shall file an opposition within 14 days…," and should therefore be overruled.

Second, if deemed a Motion for Reconsideration, the Claimant fails to specify the grounds on which she relies for seeking relief from the Order. That being said, Fed. R. Civ. P. 60(b) provides no grounds for relief.

Third, the "good cause" referenced by the Claimant is what the United States presented to the Court in its *First* Motion for Extension, filed on July 20. *See* Docket No. 1. In the United States' *Second* Motion for Extension, which the claimants now oppose, the "good cause" presented was "for the reasons stated in the submitted sealed affidavit," which did *not* include the AUSA being recently assigned. *See* Docket No. 5, ¶ 10.

## **CONCLUSION**

For these reasons, the United States respectfully requests that the Court overrule the Claimant's opposition, or alternatively, deny the Claimant's Motion for Reconsideration.

> Respectfully submitted,
>
> RACHAEL S. ROLLINS
> United States Attorney
>
> By:   /s/ Brendan T. Mockler
>       BRENDAN T. MOCKLER
>       Assistant United States Attorney
>       United States Attorney's Office
>       1 Courthouse Way, Suite 9200
>       Boston, MA 02210
>       (617) 748-3100
>       brendan.mockler@usdoj.gov

Dated: October 21, 2022